25-1538
*Eckhart v. Fox News*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-six.

PRESENT:

> SUSAN L. CARNEY,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

JENNIFER ECKHART,

> *Plaintiff-Appellant,*

> v.

FOX NEWS NETWORK, LLC,

> *Defendant-Appellee,*

ED HENRY, in his individual capacity and in his professional capacity,

No. 25-1538

*Defendant.*[*]

_____

FOR PLAINTIFF-APPELLANT:      MICHAEL J. WILLEMIN (Jeanne M. Christensen, Mélodie Han, *on the brief*), Wigdor LLP, New York, NY.

FOR DEFENDANT-APPELLEE:      RACHEL S. FISCHER (Keisha-Ann G. Gray, Julia F. Hollreiser, *on the brief*), Proskauer Rose LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 16, 2025, is **AFFIRMED**.

Plaintiff Jennifer Eckhart challenges the district court's grant of summary judgment to defendant Fox News Network, LLC, with respect to her New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL") sexual harassment claims. Eckhart brought this suit against both Fox and a former Fox correspondent, Ed Henry, alleging that Henry sexually harassed and raped her, and that Fox is liable for that conduct. We assume the parties'

---

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.[1]

We review a district court's grant of summary judgment without deference. *Qorrolli v. Metropolitan Dental Associates*, 124 F.4th 115, 122 (2d Cir. 2024). Summary judgment is appropriate only in cases where no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law. *Id.* "In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party." *Garcia v. Hartford Police Department*, 706 F.3d 120, 127 (2d Cir. 2013).[2]

### I. NYCHRL

The NYCHRL provides that an "employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee" only where:

> (1) The employee . . . exercised managerial or supervisory responsibility; or
>
> (2) The employer knew of the employee's . . . discriminatory conduct, and acquiesced in such conduct or failed to take immediate

---

[1] For purposes of this appeal, we view the evidence "in the light most favorable" to Eckhart, as the party against whom summary judgment was granted. *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). That does not mean this Court has made any determination as to what did or did not transpire.

[2] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) The employer should have known of the employee's . . . discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

N.Y.C. Admin. Code § 8-107(13)(b)(1)–(3).  Eckhart argues that the district court erred in granting summary judgment to Fox on each of these theories, so we consider them in turn.

### A.  Managerial or Supervisory Responsibility

The district court did not err in declining to evaluate Eckhart's summary judgment argument that Fox was liable because Henry "exercised managerial or supervisory responsibility."  N.Y.C. Admin. Code § 8-107(13)(b)(1); *see Eckhart v. Fox News Network, LLC (Eckhart II)*, No. 20-CV-5593, 2025 WL 786536, at *18 (S.D.N.Y. Mar. 12, 2025).  At an earlier stage in the litigation, Fox moved to dismiss Eckhart's claim under each of the three theories of liability available under N.Y.C. Admin. Code § 8-107(13)(b)(1)–(3).  As to the "managerial or supervisory responsibility" theory, Fox argued that it could not be held liable because Henry did not supervise Eckhart.  In opposition, Eckhart did not argue that Fox misunderstood the meaning or scope of the NYCHRL; rather, she contended only

4

that her complaint was "sufficient to state a claim that Henry exercised sufficient supervisory authority *over Eckhart*." Dist. Ct. Dkt. 128 at 21–22 (emphasis added).

The district court then dismissed Eckhart's claims against Fox under this theory. *Eckhart v. Fox News Network, LLC (Eckhart I)*, No. 20-CV-5593, 2021 WL 4124616, at *18 (S.D.N.Y. Sept. 9, 2021), *on reconsideration in part*, No. 20-CV-5593, 2022 WL 4579121 (S.D.N.Y. Sept. 29, 2022). It made two important determinations. First, the court decided as a matter of law that an employer may be liable under the NYCHRL for harassment by a manager or supervisor *if* the individual "exercised managerial or supervisory responsibility *over the* [*complainant*]," as the parties apparently agreed. *Id.* (emphasis added). Second, it determined that Eckhart's pleadings showed that "Henry was not Eckhart's manager or supervisor." *Id.* The court thus concluded that the "managerial or supervisory responsibility" theory of liability was unavailable to Eckhart and that Fox could be "liable for Henry's conduct only if it knew or should have known about" the alleged harassment. *Id.*; *see also* N.Y.C. Admin. Code § 8-107(13)(b)(1)–(3).

Eckhart never challenged this dismissal before the district court. She did not move for reconsideration on the law or seek leave to amend her complaint to allege additional facts in support of her supervisor-liability claim. Instead, three

years later, in opposition to Fox's motion for summary judgment, she argued for the first time—in two paragraphs—that Fox could be liable under § 8-107(13)(b)(1) of the NYCHRL if Henry exercised managerial or supervisory authority over *anyone*.

The district court declined to consider this new theory of supervisory liability raised by Eckhart in response to Fox's summary judgment motion on the ground that its prior order dismissing Eckhart's claim already resolved her supervisor-liability claim. *Eckhart II*, 2025 WL 786536, at *18. Implicit in that decision, then, is a ruling that Eckhart had forfeited this argument by failing to assert it, which we review for abuse of discretion. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999). The district court did not exceed its discretion in declining to consider Eckhart's new theory. *See id.*

In any event, Eckhart argues on appeal that the district court misunderstood the NYCHRL, and that the law creates strict liability for employers based on harassment by any employee with "managerial or supervisory responsibility" over *any* other employee. Appellant's Brief at 31–32. Because "our waiver and forfeiture doctrine is entirely prudential," Eckhart asks us to "exercise this

discretion to consider [this] otherwise forfeited argument." *United States v. Gomez*, 877 F.3d 76, 95 (2d Cir. 2017).

We decline to do so. The scope of supervisory liability under the NYCHRL is a question of law, true. But before the parties completed discovery, Eckhart did not argue that Fox was liable for Henry's misconduct on the ground that he exercised "managerial or supervisory responsibility" over Fox employees other than Eckhart. This argument was also not addressed in the district court's summary judgment ruling. So, among other considerations, we cannot be confident that the facts surrounding Henry's authority over others at Fox were fully developed in discovery and presented in the summary judgment record. We thus decline to exercise our discretion to address Eckhart's argument, otherwise forfeited, that an employer is strictly liable under the NYCHRL for harassment by any employee who exercises "managerial or supervisory responsibility," regardless of whether the employee exercises such authority *over the complainant.* *See id.* ("We generally exercise this discretion to consider an otherwise forfeited argument where necessary to avoid a manifest injustice or where the argument presents a question of law *and there is no need for additional fact-finding.*" (emphasis added)); *Greenidge v. Allstate Insurance Co.*, 446 F.3d 356, 361 (2d Cir. 2006)

7

(declining to reach merits of an argument raised for first time in opposition to summary judgment).

And we decline to consider Eckhart's alternative argument on appeal that Henry had supervisory authority over *her* for purposes of the NYCHRL. She asks us to review the dismissal on the basis of the summary judgment record even though the district court previously assessed and rejected her claim on the basis of her *pleadings*, and makes no argument as to why the district court's dismissal on the pleadings was erroneous. By failing to argue on appeal that the district court's dismissal on the pleadings was wrongly decided as a matter of law, Eckhart has abandoned her challenge to that ruling and we need not address it here. *See Gao v. Barr*, 968 F.3d 137, 144 n.7 (2d Cir. 2020).

Nor did the district court abuse its discretion in holding that the law of the case doctrine barred Eckhart's attempt to revive her dismissed supervisory-liability argument. *See Devilla v. Schriver*, 245 F.3d 192, 198 (2d Cir. 2001) ("[W]e review a district court's application of the law of the case doctrine for abuse of discretion only . . . ."). Eckhart did not move for reconsideration of the district court's rejection on the pleadings of her claims regarding supervisory liability, nor did she argue "an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (explaining that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again").

### B. *"Knew" or "Should Have Known"*

The district court granted summary judgment to Fox on the two remaining bases for employer liability under the NYCHRL: that Fox knew about the conduct and acquiesced to it, N.Y.C. Admin. Code § 8-107(13)(b)(2), and that Fox *should have known* and failed to exercise reasonable diligence to prevent the conduct, *id.* § 8-107(13)(b)(3).

In her opposition to Fox's motion for summary judgment, Eckhart argued that Fox knew or should have known about Henry's behavior towards her before he allegedly raped her in February 2017. Dist. Ct. Dkt. 425 at 5 ("Fox News knew that Mr. Henry was a significant risk and empowered him to rape Ms. Eckhart."). She did not argue that Fox knew or should have known about, and prevented, any contact between Henry and her after that event. Eckhart concedes on appeal that the import of Henry's unanswered texts to her following the alleged rape "was not

9

argued in the parties' summary judgment" briefing.  Appellant's Reply Brief at 22.  Accordingly, we limit our review to what Fox knew or should have known before this alleged assault.  *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (explaining that an appellate court generally will not consider an issue raised for the first time on appeal where the "arguments were available to the parties below and they proffer no reason for their failure to raise" them).

Eckhart has not shown that Fox knew of Henry's conduct towards her and failed to take immediate and appropriate corrective action.  *See* N.Y.C. Admin. Code § 8-107(13)(b)(2).  Eckhart undisputedly never told anyone at Fox about any of her sexual encounters with Henry while she was an employee.  App'x 227.  And it is undisputed that Henry never told any Fox employees about their encounters until he was interviewed after Eckhart lodged her sexual harassment complaint.  App'x 228.  Fox did not learn about Henry's alleged conduct toward Eckhart until after Eckhart's termination, when her counsel informed Fox of her allegations regarding Henry, and, that very day, Fox hired outside counsel to investigate and the outside counsel interviewed Henry.  Less than a week later, outside counsel reported to Fox that Eckhart and Henry had sexual contact at Fox Headquarters, and Fox fired Henry the next day.

10

Nor has Eckhart shown on this record that Fox "should have known" about Henry's harassing conduct towards her. *See* N.Y.C. Admin. Code § 8-107(13)(b)(3). Though Fox later learned of Henry's other extramarital affairs and workplace conduct towards women, the record evidence shows that the only fact known to Fox prior to the February 2017 rape was that Henry had a consensual extramarital affair with a "stripper in Las Vegas." App'x 192. Following that revelation, Fox suspended Henry, took him off the air for several months, reduced his annual pay, and removed him from the role of Chief White House Correspondent. *Id.* While he was suspended, Henry went to a sexual rehabilitation therapy and treatment program suggested by Fox.

We reject Eckhart's argument that Fox *must have known* about the various other instances of Henry's improper sexual workplace conduct that later surfaced because, as Eckhart asserts, it "is implausible that Fox News sent Henry to sex addiction therapy on the basis of a single consensual affair." Appellant's Brief at 40. This argument rests on impermissible speculation rather than permissible inferences. *Davis v. Bombardier Transportation Holdings (USA) Inc.*, 794 F.3d 266, 269 n.5 (2d Cir. 2015) ("Mere speculation and conjecture is insufficient to preclude the granting of summary judgment."). And the record otherwise contains no non-

11

hearsay evidence that, before February 2017, any Fox manager or supervisor was privy to information about Henry's other improper sexual activity. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (noting that a party cannot rely on inadmissible hearsay in opposing a motion for summary judgment absent a showing that admissible evidence will be available at trial).

## II. NYSHRL

Under the NYSHRL, an "employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it." *State Division of Human Rights ex rel. Greene v. St. Elizabeth's Hospital*, 66 N.Y.2d 684, 687 (1985). Condoning harassment requires a "knowing, after-the-fact forgiveness or acceptance of an offense." *Id.* Fox and Eckhart agree that this standard controls. Appellant's Brief at 49; Appellee's Brief at 57.

Eckhart's NYSHRL claim fails because she has failed to adduce evidence showing that Fox knew of Henry's conduct while it was ongoing. Furthermore, the evidence demonstrates that Fox acted once it learned of her allegations by terminating Henry.

12

* * *

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13